VIKRAM K. BADRINATH (AZ Bar No. 016360)
VIKRAM BADRINATH, P.C.
100 North Stone Avenue, Suite 302
Tucson, AZ 85701-1514
Telephone: (520) 620-6000
Facsimile:  (520) 620-6797
Email: vikram.badrinath@azbar.org
D.C. BAR NO. #458260

*Attorney for Petitioners*

LUCAS GUTTENTAG* (CA Bar No. 90208)
JENNIFER C. CHANG* (CA Bar No. 233033)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0774
Facsimile:  (415) 395-0950
Email: jchang@aclu.org

*Of Counsel*
* application for admission *pro hac vice* forthcoming

[See next page for additional counsel.]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SYLVIA HAYDEE URIBE-REYNA; ADOLFO HUERTA, | **Case No.**: **Date:**      **01/31/07** |
| *Petitioners,* | **Alien Registration No.:** A200-056-620 |
| v. | |
| MICHAEL CHERTOFF, Secretary of Homeland Security; JULIE L. MEYERS, Assistant Secretary for Immigration and Customs Enforcement; ALBERTO GONZALES, Attorney General; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | **VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| *Respondents.* | |

1

---

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

JUDY RABINOVITZ* (NY Bar No. 2079788)
AMERICAN CIVIL LIBERTIES UNION
      FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile:  (212) 549-2654
Email:  jrabinovitz@aclu.org

*Of Counsel*
* application for admission *pro hac vice* forthcoming

DANIEL POCHODA (AZ Bar No. 021979)
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011-0148
Telephone: (602) 650-1854
Facsimile:  (602) 650-1376
Email:  dpochoda@acluaz.org

*Of Counsel*

2

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   ***NOW COME***, Petitioners Sylvia Haydee Uribe-Reyna and her spouse,

2   Adolfo Huerta-Reyes, and hereby petition this Court for a writ of habeas corpus

3   and for declaratory and injunctive relief.  Upon personal knowledge of specific

4   facts, Ms. Uribe-Reyna is subject to an order of expedited removal pursuant to 8

5   U.S.C. § 1225(b)(1).  Petitioners respectfully allege, by undersigned counsel, as

6   follows:

7

8   **JURISDICTION**

9   1.      This case arises under the United States Constitution; the Immigration and

10   Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*; and the Administrative

11   Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.  This Court has habeas corpus

12   jurisdiction pursuant to 8 U.S.C. § 1252(e)(2); 28 U.S.C. § 2241 *et seq.*; Art. I., §

13   9, Cl. 2 of the United States Constitution ("Suspension Clause"); Art. III of the

14   United States Constitution; Amendment V to the United States Constitution; and

15   the Common Law.  This Court may also exercise jurisdiction pursuant to 28

16   U.S.C. § 1361 (mandamus jurisdiction), and 28 U.S.C. § 1331, and may grant

17   relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the

18   All Writs Act, 28 U.S.C. § 1651.

19   **VENUE**

20   2.      Venue properly lies in the District of Arizona, where Petitioners reside and

21   where Ms. Uribe-Reyna's expedited removal order was issued.

22

23   **CUSTODY**

24   3.      Ms. Uribe-Reyna is subject to an order of expedited removal.   She is,

25   therefore, presently in the custody of the Department of Homeland Security

26   ("DHS"), under the direction of the Secretary of the Department of Homeland

27

28   3

1   Security, Michael Chertoff, and the United States Immigration and Customs

2   Enforcement ("ICE"), under the direction of Julie L. Meyers, the Assistant

3   Secretary of Homeland Security for ICE.  She is under the custody and control of

4   the ICE in Tucson, Arizona (U.S. ICE, 6341 South Country Club Road, Tucson,

5   Arizona 85706-5907) under the direction and control of the Phoenix District

6   Office.

7

8   **PARTIES**

9   4.      Petitioner Sylvia Haydee Uribe-Reyna, a native of Mexico, has resided

10   continuously in the United States for more than twenty-two (22) years after

11   entering the country in 1984.   Her spouse, petitioner Adolfo Huerta-Reyes, is a

12   lawful permanent resident of the U.S.  On <u>December 4, 2006</u>, Ms. Uribe-Reyna

13   was served with an order of expedited removal pursuant to 8 U.S.C. § 1225(b)(1).

14   Prior to the issuance of the expedited removal order, Ms. Uribe-Reyna resided in

15   Glendale, Arizona, together with Mr. Huerta-Reyes and their three (3) U.S. citizen

16   children, Daniel Ivan, Diana Carolina, and Gustavo Adolfo.  *See* Index of

17   Supporting Documents ("Index"), Exhibit ("Exh."), II-2 (Birth Certificates).  Ms.

18   Uribe-Reyna is currently being held in the Federal Correctional Institution -

19   Wilmot facility ("FCI Wilmot") located at 8901 S. Wilmot Road in Tucson,

20   Arizona, and is expected to be released into the custody of the Department of

21   Homeland Security on <u>February 1, 2007</u>.  The family continues to reside in

22   Glendale, Arizona.

23   5.      Respondent Michael Chertoff is named and sued in his official capacity as

24   the Secretary of the Department of Homeland Security. Under the Homeland

25   Security Act of 2002 (Pub. L. 107-296), the new Department of Homeland

26   Security assumed all detention and enforcement functions of the former U.S.

27

28

4

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1     Immigration and Naturalization Service ("INS"). *See, e.g.*, *Kwai Fun Wong v.*

2     *United States*, 373 F.3d 952, 958 n.4 (9th Cir. 2004). Section 441 of the

3     Homeland Security Act created the United States Immigration and Customs

4     Enforcement ("ICE") and authorizes ICE to enforce the immigration laws. As a

5     result, in his official capacity, Respondent Chertoff has responsibility for the

6     administration of the immigration laws pursuant to 8. U.S.C. § 1103, is a legal

7     custodian of Ms. Uribe-Reyna, and is empowered to carry out the removal order

8     against Ms. Uribe-Reyna.

9     6.     Respondent Julie L. Meyers is sued in her official capacity as Assistant

10     Secretary for ICE. In this capacity, she is responsible for the administration of the

11     immigration laws pursuant to 8 U.S.C. § 1103, is a legal custodian of Ms. Uribe-

12     Reyna, and is empowered to carry out the removal order against Ms. Uribe-Reyna.

13     7.     Respondent Alberto Gonzales is sued in his official capacity. He is the

14     Attorney General of the United States. In this capacity, he is responsible for the

15     administration of the immigration laws pursuant to the INA, and is statutorily

16     authorized to adjudicate applications for cancellation of removal and adjustment

17     of status.

18     8.     Respondents United States Immigration and Customs Enforcement and

19     Department of Homeland Security are the federal agencies responsible for

20     enforcing the Immigration and Nationality Act.

21

22     **FACTS**

23     9.     Ms. Uribe-Reyna has resided continuously in the United States for over

24     twenty-two (22) years. She has three (3) U.S. citizen children and a lawful

25     permanent resident spouse. *See* Index, Att. B, Exhs. II-1, II-2. A native of

26     Mexico, Ms. Uribe-Reyna is the beneficiary of an approved immigrant visa

27

28     5

petition ("I-130 petition,") which was filed on her behalf by Mr. Huerta-Reyes in October, 1993.  *See* Index, Exhs. I-1, I-2 (I-130 Approval & Receipt Notices).  An immigrant visa is currently immediately available to her.  *See* Index, Exh. III-1 (U.S. Department of State Visa Bulletin (Feb., 2007)).  Because the I-130 petition was filed prior to the cut-off date (i.e., April 30, 2001) for adjustment of status pursuant to 8 U.S.C. § 1255(i), Ms. Uribe-Reyna may be eligible to adjust her status under that provision.

10.     Ms. Uribe-Reyna's spouse, petitioner Adolfo Huerta-Reyes, is a lawful permanent resident of the U.S.  *See* Index, Exh. I-3 (Form I-551) (indicating Mr. Huerta-Reyes' admission date as an LPR as February 12, 1991); *see also* Index, Exh. II-1 (California Marriage Certificate) (indicating marriage between Ms. Uribe-Reyna and Mr. Huerta-Reyes on September 7, 1986 in Fontana, California).

11.     Petitioners have three (3) U.S. citizen children, to wit: Daniel Ivan, Diana Carolina, and Gustavo Adolfo.  All were born in the United States and have resided in this country their entire lives.  The family has resided in Glendale, Arizona, for the last five (5) years.

12.     Prior to December 2, 2006, Ms. Uribe-Reyna had never left the U.S. since her initial entry twenty-two (22) years earlier in 1984.

13.     On or about December 2, 2006, Ms. Uribe-Reyna traveled to Mexico to visit her ailing grandmother.  Ms. Uribe-Reyna traveled back to the United States approximately two (2) days later, on or about December 4, 2006, along with Mr. Huerta-Reyes and the couple's ten-year-old son Gustavo Adolfo.  At the Mariposa port of entry in Nogales, Arizona, Ms. Uribe-Reyna was accused of making a false claim to U.S. citizenship, charged with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii), and served with an order of expedited removal pursuant to 8 U.S.C. § 1225(b)(1).  Ms. Uribe-Reyna received no hearing or opportunity to

6

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

challenge the immigration charges against her, and no opportunity to apply for relief from removal for which she remains statutorily eligible. *See e.g.,* 8 U.S.C. § 1229b(b) (cancellation of removal).

14.     Ms. Uribe-Reyna was also selected for criminal prosecution.  On or about December 7, 2006, Ms. Uribe-Reyna pled guilty to a misdemeanor offense involving fraud in connection with an identification document (i.e., a driver's license), under 18 U.S.C. § 1028(a), and received a sentence of sixty (60) days of imprisonment.  She is currently serving her sentence at the Federal Correctional Institution - Wilmot in Tucson, Arizona.  Upon personal knowledge of specific facts, upon completion of her sentence on February 1, 2007, Ms. Uribe-Reyna will be transferred into Respondent DHS custody for removal immediately thereafter.

15.     If Ms. Uribe-Reyna is removed, she and her spouse, Mr. Huerta-Reyes, will be irreparably harmed.  Furthermore, Mr. Huerta-Reyes and their three (3) U.S. citizen children will suffer exceptional and extremely unusual hardship.  In addition to the emotional hardship that will be imposed on the family as a result of Ms. Uribe-Reyna's removal, Mr. Huerta-Reyes will suffer extreme financial hardship and will be unable to support and care for their three (3) U.S. citizen children or to afford the family's mortgage and car payments.  Ms. Uribe-Reyna and Mr. Huerta-Reyes are endeavoring to pay off the mortgage on their mobile home in Glendale, Arizona.  They are also endeavoring to pay off a loan taken to purchase their family car.

16.     In addition, because  Ms. Uribe-Reyna has been charged with making a false claim to U.S. citizenship, she may be permanently barred from returning to the United States pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii).  *See id.* ("Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act . . . is inadmissible).

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Section 1182(a)(6)(C)(ii) is not subject to any exceptions or waivers. *See id.*

17.     As a result, Ms. Uribe-Reyna's children and her husband face the difficult choice between long-term separation from their mother and wife, or relocating to Mexico in order to keep the family intact.  Should they choose to relocate, the children will be giving up their right as U.S. citizens to reside in the U.S., and the family may suffer economic hardship in Mexico.   Removal of their mother from the U.S. would also disrupt or negatively impact their educational opportunities.

18.     Ms. Uribe-Reyna has neither been afforded an opportunity to apply for cancellation of removal pursuant to 8 U.S.C. § 1229(b)(1), nor adjustment of status pursuant to 8 U.S.C. § 1255(i), nor has she been provided a hearing to challenge the allegation that she made a false claim to U.S. citizenship.  Had she been properly been placed in removal proceedings under 8 U.S.C. § 1229a rather than expedited removal under 8 U.S.C. § 1225(b)(1), she would have been afforded a hearing before an immigration judge and an opportunity to apply for both forms of relief.  It is likely that, based upon her long residency, family ties, property and assets, employment record, hardship to qualifying family members such as her LPR husband and three (3) U.S. citizen children, and other favorable factors, Ms. Uribe-Reyna would prevail on the merits of her cancellation of removal claim.

## JURISDICTIONAL BASES FOR HABEAS CORPUS REVIEW

19.     All noncitizens have a constitutional right to review of their removal orders in some court.  *See INS v. St. Cyr*, 533 U.S. 289, 300 (2001) (noting that judicial intervention in deportation cases is "unquestionably required by the Constitution"); *id.* at 313 n.36 (discussing "the historic use of [28 U.S.C.] § 2241 jurisdiction as a means of reviewing deportation and exclusion orders").

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

20.     Accordingly, a construction of 28 U.S.C. § 2241 and 8 U.S.C. § 1252(e)(2) that fails to provide a mechanism for noncitizens to test the legal validity of their expedited removal orders would pose serious constitutional questions under the Suspension Clause, Article III, and the Due Process Clause of the Fifth Amendment to the United States Constitution. *See, e.g.*, *St. Cyr*, 533 U.S. at 305 ("a serious Suspension Clause issue would be presented if we were to accept the INS' submission that the 1996 statutes have withdrawn th[e] power [to issue the writ of habeas corpus] from federal judges and provided no adequate substitute for its exercise").

21.     Therefore, 28 U.S.C. § 2241 and 8 U.S.C. § 1252(e)(2) must be read to provide Ms. Uribe-Reyna with a forum for review of her legal claims; otherwise the statutes are unconstitutional.

## MERITS

22.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

23.     Respondents have violated Petitioners' statutory and constitutional rights by improperly subjecting Ms. Uribe-Reyna to expedited removal proceedings, depriving her of her statutory right to apply for cancellation of removal and adjustment of status, and imposing a potentially permanent bar on her return to the United States without any opportunity for her to contest the charges against her.

## Misapplication of Expedited Removal Proceedings to Ms. Uribe-Reyna

24.     The expedited removal provision applies only to aliens who are "arriving in the United States." *See* 8 U.S.C. § 1225(b)(1)(A)(i).  It does not apply, and was never intended by Congress to apply,  to a person such as Ms. Uribe-Reyna who

9

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

has continuously resided in the United States for the past twenty-two (22) years and who is prima facie eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1).[1]

25.    Cancellation of removal is a form of relief from removal that is available to noncitizens who have maintained over ten (10) years of continuous physical presence in the United States and who can demonstrate that removal would result in exceptional and extremely unusual hardship to their U.S. citizen or lawful permanent resident spouse, parent, or child. *Id.*  As the cancellation of removal provision makes clear, Ms. Uribe-Reyna's two-day travel abroad to Mexico to visit her ailing grandmother does not interrupt her "continuous physical presence." *See* 8 U.S.C. § 1229b(d)(2) ("An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b)(1) and (b)(2) of this section if the alien has departed from the United States for

---

[1] 8 U.S.C. § 1229b(b)(1) provides:

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien--

**(A)** has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
**(B)** has been a person of good moral character during such period;
**(C)** has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
**(D)** establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

10

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

any period in excess of 90 days or for any periods in the aggregate exceeding 180 days."). Thus, Ms. Uribe-Reyna has been continuously physically present in the Unites States for the past twenty-two (22) years and easily satisfies the cancellation provision's ten-year continuous physical presence requirement.[2]

26.     For these same reasons, Ms. Uribe-Reyna cannot be considered an "alien . . . arriving in the United States" for purposes of expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). Because she has been continuously physically present, notwithstanding her two-day absence, Congress did not intend that she would be encompassed under the term  "alien . . . arriving in the United States."

27.     Section 1225(b)(1)(A)(iii) provides further evidence that Congress never intended for persons like Ms. Uribe-Reyna, who is prima facie eligible for cancellation of removal, to be subject to expedited removal.  That provision provides authority for expedited removal to be applied to another category of noncitizens who are not "arriving aliens," but who entered the country without

---

[2] Ms. Uribe-Reyna also satisfies the other statutory requirements for cancellation of removal, namely that she has been a person of good moral character throughout her twenty-two (22) years of residence, she has not been convicted of any of the offenses listed in 8 U.S.C. § 1229b(b)(1)(C) that preclude eligibility for this form of relief, and her removal would cause exceptional and extremely unusual hardship to her U.S. citizen children and lawful permanent resident husband.  *See* n.1, *supra.*  Apart from her recent misdemeanor conviction for fraud, she has never been convicted of any other crime.  Her singular misdemeanor conviction does not constitute a crime of moral turpitude under 8 U.S.C. §1182(a)(2)(A), one of the provisions listed in 8 U.S.C. § 1229b(b)(1)(C). *See* 8 U.S.C. §1182(a)(2)(A)(ii) (providing that subsection (i) delineating crimes of moral turpitude shall not apply where the alien committed only one "petty offense.")

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    inspection and are unable to demonstrate that they have "been *physically present*

2    *in the United States continuously* for [a] 2-year period."  8 U.S.C. §

3    1225(b)(1)(A)(iii).  Thus, noncitizens who have maintained continuous physical

4    presence for two (2) years or more cannot be subjected to expedited removal under

5    8 U.S.C. § 1225(b)(1)(A)(iii).  It would be anomalous for Congress to specifically

6    exempt such noncitizens from expedited removal and yet at the same time intend

7    to encompass noncitizens such as Ms. Uribe-Reyna, who has maintained twenty-

8    two (22) years of continuous physical presence.

9    28.    Moreover, serious constitutional problems would be raised under the Equal

10   Protection Clause if  Ms. Uribe-Reyna were subjected to expedited removal

11   proceedings rather than removal proceedings under 8 U.S.C. § 1229a.  For these

12   reasons, the statute must be construed as not applying to persons such as Ms.

13   Uribe-Reyna who have continuously resided in the United States for such an

14   extended period.  Placement of Ms. Uribe-Reyna in expedited removal

15   proceedings violates the immigration statute and her rights under the Equal

16   Protection Clause.

17

18   **Denial of Ms. Uribe-Reyna's Right to Apply for Cancellation of Removal**

19

20   29.    Regardless of whether expedited removal proceedings may properly be

21   applied to persons such as Ms. Uribe-Reyna, the immigration statute requires that

22   she be provided with an opportunity to apply to the Attorney General for

23   cancellation of removal.

24   30.    Neither the cancellation of removal provision, nor the expedited removal

25   provision under which Ms. Uribe-Reyna was ordered removed, provide that a

26   noncitizen loses eligibility to apply for cancellation of removal merely as a result

27

28                                              12

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    of being placed in expedited removal proceedings. *See id.*; 8 U.S.C. § 1225(b)(1).

2    31.    Indeed, the cancellation of removal provision specifically lists six (6)

3    categories of persons who are *per se* ineligible for that relief, even if they could

4    otherwise meet the eligibility requirements:

**(c)** Aliens ineligible for relief
The provisions of subsections (a) and (b)(1) of this section shall not
apply to any of the following aliens:

**(1)** An alien who entered the United States as a crewman subsequent
to June 30, 1964.

**(2)** An alien who was admitted to the United States as a
nonimmigrant exchange alien as defined in section 1101(a)(15)(J) of
this title, or has acquired the status of such a nonimmigrant exchange
alien after admission, in order to receive graduate medical education
or training, regardless of whether or not the alien is subject to or has
fulfilled the two-year foreign residence requirement of section
1182(e) of this title.

**(3)** An alien who--

**(A)** was admitted to the United States as a nonimmigrant exchange
alien as defined in section 1101(a)(15)(J) of this title or has acquired
the status of such a nonimmigrant exchange alien after admission
other than to receive graduate medical education or training,

**(B)** is subject to the two-year foreign residence requirement of section
1182(e) of this title, and

**(C)** has not fulfilled that requirement or received a waiver thereof.

**(4)** An alien who is inadmissible under section 1182(a)(3) of this title
or deportable under section 1227(a)(4) of this title.

**(5)** An alien who is described in section 1231(b)(3)(B)(i) of this title.

**(6)** An alien whose removal has previously been cancelled under this
section or whose deportation was suspended under section 1254(a) of
this title or who has been granted relief under section 1182(c) of this
title, as such sections were in effect before September 30, 1996.

21   8 U.S.C. § 1229b(c). Persons subject to expedited removal are not listed in the

22   categories that Congress specifically wished to exclude from eligibility for

23   cancellation of removal.

24   32.    Similarly, neither does the expedited removal provision indicate any intent

25   on the part of Congress that persons otherwise prima facie eligible for cancellation

26   of removal be precluded from applying for such relief. *See* 8 U.S.C. § 1225(b)(1).

27

28                                            13

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    Indeed, in three (3) *other* locations in the immigration act where Congress

2    provided for streamlined removal procedures, the statute *specifically* provides that

3    persons subject to those streamlined procedures are *not* eligible for relief.  *See* 8

4    U.S.C. § 1228(b)(5) [expedited removal of aliens convicted of committing

5    "aggravated felonies"] (providing that "[n]o alien described in this section shall be

6    eligible for **any relief from removal** that the Attorney General may grant in the

7    Attorney General's discretion"); 8 U.S.C. § 1231(a)(5) [reinstatement of removal

8    orders against aliens illegally reentering] (providing that "the alien is not eligible

9    and **may not apply** for any relief under this chapter"); 8 U.S.C. § 1229a(b)(7) [in

10   absentia removal orders] ("Any alien against whom a final order of removal is

11   entered in absentia under this subsection . . . **shall not be eligible for** relief under

12   section 1229b, 1229c, 1255, 1258, or 1259 of this title for a period of 10 years

13   after the date of the entry of the final order of removal") (emphasis added in each).

14   In contrast, the expedited removal provision contains *no* comparable limitation on

15   eligibility for relief from removal.

16   33.    Further, the same Congress that enacted expedited removal simultaneously

17   provided for cancellation of removal.   Moreover, in doing so that Congress

18   *specifically* included a provision which explicitly states that a person such as Ms.

19   Uribe-Reyna who travels abroad for a trip of brief duration shall not be considered

20   to have failed to maintain continuous physical presence and therefore remains

21   eligible for such relief.  *See* 8 U.S.C. § 1229b(d)(2).  The two (2) provisions must

22   therefore be read together to give effect to Congress' intent that persons such as

23   Ms. Uribe-Reyna be provided an opportunity to make an application and establish

24   eligibility for this form of relief.

25   34.    This reading of the statute is also required by the longstanding rule that

26   deportation statutes should be construed in favor of the noncitizen facing removal,

27

28

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    *see, e.g.*, *Azarte v. Ashcroft*, 394 F.3d 1278, 1289 (9th Cir. 2005), as well as the

2    doctrine that statutes must be construed to avoid serious constitutional doubt, *see,*

3    *e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 299-300 (2001).  Were the expedited removal

4    statute construed as depriving Ms. Uribe-Reyna of an opportunity to apply for

5    cancellation of removal, not only would it conflict with the cancellation statute

6    enacted at the same time, but it would also raise serious constitutional problems

7    under the Equal Protection and Due Process Clauses of the Fifth Amendment.

8    Moreover, the rights at stake are not only those of Ms. Uribe-Reyna, but also of

9    her U.S. citizen children and lawful permanent resident spouse.

10

11    **Denial of Right to Apply for Adjustment of Status and Imposition of a**

12    **Potentially Permanent Bar on Admission Without Any Hearing**

13

14    35.    Further, Ms. Uribe-Reyna is entitled to an opportunity to prove her

15    eligibility for adjustment of status pursuant to 8 U.S.C. § 1255(i).  If the

16    immigration statute is not read to provide Ms. Uribe-Reyna with such an

17    opportunity, or at a minimum with a hearing to challenge the highly prejudicial

18    allegation that she made a false claim to U.S. citizenship (which, if sustained,

19    would not only preclude her eligibility for adjustment but could also result in a

20    permanent bar to her ever returning to the United States), the statute would present

21    serious constitutional problems under the Due Process and Equal Protection

22    Clauses of the Fifth Amendment.

23    36.    Section 1255(i) permits certain aliens to adjust their status to that of an alien

24    lawfully admitted for permanent residence if the alien is the beneficiary of a visa

25    petition filed on or before April 30, 2001; is eligible to receive an immigrant visa

26    and is admissible for permanent residence; and an immigrant visa is immediately

27

28

15

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1 available at the time the application is filed.  8 U.S.C. § 1255(i).

2 37.     But for her potentially permanent inadmissibility under 8 U.S.C. §

3 1182(a)(6)(C)(ii) – due to a charge she has had no meaningful opportunity to rebut

4 – Ms. Uribe-Reyna would be prima facie eligible for adjustment of status under 8

5 U.S.C. § 1255(i).  Ms. Uribe-Reyna is the beneficiary of an approved I-130

6 petition that was filed on her behalf in 1993.  *See* 8 U.S.C. § 1255(i)(1)(B)(i); *see*

7 *also* Index, Exh. I-1, II-2 (I-130 Petition Approval & Receipt Notices).  Further, a

8 visa is currently available to her.  *See* 8 U.S.C. § 1255(i)(2)(B); *see also* Index,

9 Exh. III-1 (State Department Visa Bulletin).  She would therefore otherwise be

10 eligible for adjustment pursuant to §1255(i).

11 38.     As in the case of cancellation of removal, *see supra*, neither § 1255(i) nor

12 the expedited removal provision, 8 U.S.C. § 1225(b)(1), provide any indication

13 that Congress intended to preclude persons subject to expedited removal from

14 applying for adjustment of status.   Indeed, Section 1255(i) was reauthorized by

15 Congress in 2000, several years after the expedited removal provision was

16 enacted.  *See* Life Act Amendments of 2000, Pub.L. 106-554, § 1(a)(4) [Div. B,

17 Title XV, § 1502], 114 Stat. 2763, 2763A-324 (2000).  The two (2) provisions

18 must therefore be read together as permitting persons, such as Ms. Uribe-Reyna,

19 who are placed in expedited removal proceedings and who are otherwise prima

20 facie eligible for adjustment of status, an opportunity to make such an application.

21 Otherwise serious constitutional problems would result under the Due Process and

22 Equal Protection Clauses of the Fifth Amendment.

23 39.     At the very least, even if Congress intended that adjustment of status would

24 not be available to persons placed in expedited removal proceedings, Ms. Uribe-

25 Reyna must still be given a meaningful opportunity to challenge the highly

26 prejudicial allegation that she made a false claim to U.S. citizenship. Given that

27

28

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1  such an allegation may **permanently bar** Ms. Uribe-Reyna from ever returning to

2  the United States, *see* 8 U.S.C. § 1182(a)(6)(C)(ii), and would impact not only her

3  rights but also the rights of her three (3) U.S. citizen children and lawful

4  permanent resident spouse, such a penalty cannot be imposed *without* a hearing.

5  Otherwise, serious constitutional problems would arise under the Due Process and

6  Equal Protection Clauses of the Fifth Amendment.

7

8  **EXHAUSTION**

9  40.    There are no administrative procedures available to Petitioners as of right.

10  41.    No court has previously addressed the merits of Petitioners' case.

11

12  **GROUNDS FOR RELIEF**

13

14  <u>**Count One**</u>

15  **(Application of Expedited Removal to Ms. Uribe-Reyna in Violation of INA
16  and Equal Protection Clause of the Fifth Amendment to the United States
   Constitution**)

17  42.    All of the foregoing allegations are repeated and realleged as though fully

18  set forth herein.

19  43.    Because Ms. Uribe-Reyna is not an "alien . . . arriving in the United States,"

20  the expedited removal provision may not be applied to her.  Further, had Ms.

21  Uribe-Reyna been properly placed in regular removal proceedings under 8 U.S.C.

22  § 1229a, she would have been given the opportunity to apply for cancellation of

23  removal and adjustment of status, and a hearing to contest the charges against her.

24  *See e.g.,* 8 U.S.C. §§ 1229b, 1255(i).

25  44.    The application of expedited removal to Ms. Uribe-Reyna is therefore

26  contrary to the immigration statute, 8 U.S.C. § 1225(b)(1), and to the Equal

27  Protection Clause of the Fifth Amendment to the United States Constitution.

28  17

**Count Two**

**(Denial of Opportunity to Apply for Cancellation of Removal, in Violation of 8 U.S.C. § 1229b(b)(1), 8 U.S.C. § 1225(b)(1), and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution)**

45.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

46.     Removal of Ms. Uribe-Reyna without providing an opportunity to apply for cancellation of removal violates the Immigration and Nationality Act, specifically 8 U.S.C. § 1229b(b)(1) and 8 U.S.C. § 1225(b)(1), and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution.

**Count Three**

**(Denial of Opportunity to Apply for Adjustment of Status, in Violation of 8 U.S.C. § 1255(i), 8 U.S.C. § 1225(b)(1), and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution)**

47.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

48.     Removal of Ms. Uribe-Reyna without providing an opportunity to apply for adjustment of status violates the Immigration and Nationality Act, specifically 8 U.S.C. § 1255(i) and 8 U.S.C. § 1225(b)(1), and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution.

**Count Four**

**(Denial of A Meaningful Opportunity to Challenge the Allegation that Ms. Uribe-Reyna Made a False Claim to U.S. Citizenship, in Violation of the INA and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution)**

49.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

18

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

50.     Respondents' failure to provide a meaningful opportunity for Ms. Uribe-Reyna to challenge the allegation that she made a false claim to United States citizenship violates the immigration statute, 8 U.S.C. § 1225(b)(1), and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution.

*//*

*//*

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

# PRAYER FOR RELIEF

**WHEREFORE**, Petitioners respectfully pray this Court to:

a.     Assume jurisdiction over this matter;

b.     Issue an Order enjoining the Respondents, their agents and/or subordinates from removing, or otherwise causing, Ms. Uribe-Reyna to depart from the United States pending a determination by this Court on the present petition and complaint;

c.     Issue an Order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ should not be granted;

d.     Declare contrary to law the application of expedited removal to Ms. Uribe-Reyna without providing her an opportunity to apply for cancellation of removal and adjustment of status, and a hearing to challenge the charge against her that she made a false claim to U.S. citizenship.

e.     Issue a writ of *habeas corpus*, an injunction, or a writ of mandamus directing Respondents to place Ms. Uribe-Reyna into removal proceedings under 8 U.S.C. §1229a; or directing Respondents to accept and adjudicate applications for cancellation of removal and adjustment of status from Ms. Uribe-Reyna, and to provide a hearing in which she may challenge the charge against her that she made a false claim to U.S. citizenship.

f.     Grant such further relief as the Court deems just and proper.

Respectfully submitted,

By:     s/Vikram K. Badrinath
Vikram K. Badrinath, Esq.
VIKRAM BADRINATH, P.C.
Attorney for Petitioner
100 North Stone Avenue, Suite 302
Tucson, Arizona 85701-1514
(520) 620-6000 ; (520) 620-6797

Dated: January 31, 2007 at Tucson, Arizona.

20

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

LUCAS GUTTENTAG*
JENNIFER C. CHANG*
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111

*Of Counsel*

JUDY RABINOVITZ*
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004

*Of Counsel*

VIKRAM K. BADRINATH
(AZ Bar No. 016360)
VIKRAM BADRINATH, P.C.
100 North Stone Avenue, Suite 302
Tucson, AZ 85701-1514

*Attorney for Petitioners*

DANIEL POCHODA
(AZ Bar No. 021979)
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011-0148

*Of Counsel*

* application for admission *pro hac vice* forthcoming

21

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1

**VERIFICATION**

2

3       I, Vikram K. Badrinath, under penalty of perjury, state that I am an attorney

4   employed by VIKRAM BADRINATH, P.C., the attorneys for the

5   Petitioner/Plaintiff in the foregoing Petition For Writ of Habeas Corpus, and I

6   affirm the truth of the contents contained therein based upon personal knowledge

7   and from the records and orders of the U.S. Immigration & Customs

8   Enforcement.  I further state that I have reviewed the facts, record, and statements

9   of my client.  I further state that based on that review, the above foregoing Petition

10  for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief is

11  true and correct, to the best of my personal knowledge.

12

13                            Respectfully submitted,

14                 By:      s/Vikram K. Badrinath

15                          Vikram K. Badrinath, Esq.
                        VIKRAM BADRINATH, P.C.

16                          Attorney for Petitioner
                        100 North Stone Avenue, Suite 302

17                          Tucson, Arizona 85701-1514
                        (520) 620-6000 ; (520) 620-6797

18

19  <u>Dated:</u> January 31, 2007 at Tucson, Arizona.

20

21

22

23

24

25

26

27

28

22

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   VIKRAM K. BADRINATH (AZ Bar No. 016360)
    VIKRAM BADRINATH, P.C.
2   100 North Stone Avenue, Suite 302
    Tucson, AZ 85701-1514
3   Telephone: (520) 620-6000
    Facsimile:  (520) 620-6797
4   Email: vikram.badrinath@azbar.org
    *Attorney for Petitioners*

5
                  **IN THE UNITED STATES DISTRICT COURT**
6
                     **FOR THE DISTRICT OF ARIZONA**
7
8   SYLVIA HAYDEE URIBE-REYNA;          **Case No.**:
    ADOLFO HUERTA,                      **Date:**      **01/31/07**

9              *Petitioners,*           **Alien Registration No.:**
                                        A200-056-620
10       v.

11  MICHAEL CHERTOFF, Secretary of
    Homeland Security; JULIE L.
12  MEYERS, Assistant Secretary for
    Immigration and Customs
13  Enforcement; ALBERTO               **CERTIFICATE OF SERVICE**
    GONZALES, Attorney General;
14  UNITED STATES IMMIGRATION
    AND CUSTOMS ENFORCEMENT;
15  UNITED STATES DEPARTMENT
    OF HOMELAND SECURITY,
16
17             *Respondents.*

18       I am a citizen of the United States over the age of 18 years, a resident of
    Pima county and not a party to the instant action.  My business address is: 100
19  North Stone Avenue, Suite 302, Tucson, Arizona 85701-1514.  On January 31,
    2007, I served a copy of the attached:
20
                 **Verified Petition for Writ of Habeas Corpus**
21
22  by placing a two (2) copies of the same in a sealed envelope with postage fully
    paid thereon, and delivered by U.S. Postal Service at Tucson, Arizona, addressed
    as follows:
23                             ATTN: Paul K. Charlton
                               U.S. Attorney's Office
24                             *District of Arizona*
                               405 West Congress Street, Suite 4800
25                             Tucson, Arizona 85701

26                                     Respectfully submitted,

27                                  23

28  ──────────────────────────────────────────────────────────────
    VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
           DECLARATORY AND INJUNCTIVE RELIEF

1

            <u>s/Vikram K. Badrinath</u>
            Vikram K. Badrinath, Esq.
2              VIKRAM BADRINATH, P.C.
            Attorneys for Petitioner
3

4

5   LUCAS GUTTENTAG*              VIKRAM K. BADRINATH
     JENNIFER C. CHANG*            (AZ Bar No. 016360)
6   AMERICAN CIVIL LIBERTIES      VIKRAM BADRINATH, P.C.
        UNION FOUNDATION       100 North Stone Avenue, Suite 302
7   IMMIGRANTS' RIGHTS PROJECT   Tucson, AZ 85701-1514
     39 Drumm Street
     San Francisco, CA 94111         *Attorney for Petitioners*
8

9   *Of Counsel*

10  JUDY RABINOVITZ*             DANIEL POCHODA
     AMERICAN CIVIL LIBERTIES      (AZ Bar No. 021979)
11    UNION FOUNDATION       ACLU FOUNDATION OF ARIZONA
     IMMIGRANTS' RIGHTS PROJECT   P.O. Box 17148
12  125 Broad Street, 18th Floor       Phoenix, AZ 85011-0148
     New York, NY 10004
13                       *Of Counsel*
     *Of Counsel*
14

15  * application for admission *pro hac vice* forthcoming

16

17

18

19

20

21

22

23

24

25

26

27                              24

28

VERIFIED PETITION FOR HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF